(No. 5425— ▇▇▇▇▇▇▇)

JACK KASE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 17, 1969.*

RINELLA AND RINELLA, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY, Assistant Attorney General, for Respondent.

PERLIN, C.J.

Claimant, Jack Kase, is seeking recovery of $450.00, which was deposited with the Office of the Secretary of State pursuant to the Motor Vehicle Law (1959 Ill. Rev.

Stats., Chap. 95½, Sec. 7-503) on January 27, 1961. The requirement of deposit arose out of an automobile accident, which involved a vehicle being driven by his wife, Gloria Kase. Claimant also requests 5% interest from September 19, 1960, and $152.00 for attorney's fees.

The evidence shows that claimant received a receipt from the Safety Responsibility Division of the Office of the Secretary of State, together with a letter, dated January 30, 1961, stating that he and Mrs. Kase were in full compliance with the provisions of the Illinois Safety Responsibility Law, and that the deposit would be returned on September 16, 1962 upon their application, if there was no unsatisfied judgment or court action pending, and before that date, if proof of settlement of all claims for damages and personal injury, or proof of final adjudication of non-liability was filed.

The evidence further shows that claimant received a letter from respondent, dated July 15, 1964, requesting information concerning whether a suit had been filed against claimant, and that claimant advised the Office of the Secretary of State on August 24, 1964 that such a suit had been filed. On June 5, 1967 and July 7, 1967, claimant sent letters requesting refund of the security deposit, and enclosed a release from the injured parties in the aforesaid suit. Claimant received a letter, dated July 11, 1967, advising him that he had not replied to the letter from the Office of the Secretary of State, dated July 15, 1964, and that the money deposited had been transferred to the General Revenue Fund. On July 18, 1967, photostatic copies of the letters set forth above were sent to the Secretary of State, Safety Responsibility Division.

The parties have stipulated that the facts, as stated

440

above, are undisputed. It appears that the funds were transferred to the General Revenue Fund through the error of respondent, and that claimant was in full compliance with the law at all times. It is not the practice of this Court to allow interest or attorney's fees unless specifically authorized by statute.

Claimant is hereby awarded the sum of $450.00.